United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-50097
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ROSALES, also known as Miguel
Antonio Roman-Ramirez, also known as
Sergio Manuel Quiroz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1377-ALL-PM
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sergio Rosales appeals the sentence imposed following his

guilty plea conviction of being found in the United States after

deportation/removal in violation of 8 U.S.C. § 1326. Rosales

complains that his sentence was improperly enhanced pursuant to

8 U.S.C. § 1326(b) based on a prior conviction. He argues that

the sentencing provision is unconstitutional. Rosales thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contends that his sentence should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Rosales acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.